IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED
JAN 03 2007
Michael N. Milby, Clerk of Court
By Deputy Clerk _____

| | | |
|---|---|---|
| MARY SUE LEWIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-05-282 |
| | § | |
| AMERICAN BANKERS LIFE | § | |
| INSURANCE COMPANY OF FLORIDA, | § | |
| | § | |
| Defendant. | § | |

## OPINION & ORDER

BE IT REMEMBERED that on January 3, 2007, the Court considered the Joint Status Report of the Parties. Dkt. No. 8.

The Court is in receipt of the Joint Status Report of the Parties, Dkt. No. 8, which was submitted pursuant to a Court order, Dkt. No. 7. In the report, the parties inform the Court that although they "are very close to settling the matter," they are requesting 60 additional days in order to complete a settlement. *Id.* at 2. A 60-day extension of time would require a modification of the Scheduling Order regarding the deadlines for submission of the joint pretrial order and final pretrial conference of this case, Dkt. No. 6.

Amendment of a court's scheduling order is governed by the Federal Rules of Civil Procedure. "Both Rule 16 and the Reform Act clearly establish that district judges are under an obligation to manage civil cases to ensure, in part, their speedy resolution." Chiropractic Alliance of N.J. v. Parisi, 164 F.R.D. 618, 621 (D.N.J. 1996). Under Rule 16, "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge." FED. R. CIV. P. 16(b).

"The 'good cause' standard focuses on the diligence of the party seeking an extension of pretrial deadlines." Alton Crain v. Texas Can!, 2005 U.S. Dist. LEXIS 17111, *4 (N.D. Tex. 2005) (citation omitted); *see also* Trustmark Ins. Co. v. Gen. & Cologne Life

Re of Am., 2005 U.S. App. LEXIS 19698, *28 (7th Cir. 2005) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992))). Absence of prejudice to the non-moving party is not sufficient to establish good cause. See *Alton Crain*, 2005 U.S. Dist. LEXIS at *4; Jones v. J.C. Penney's Dep't Stores, Inc., 2005 U.S. Dist. LEXIS 17464, *4 (W.D.N.Y. 2005). Rather, the moving party must show that, despite acting diligently, it was still (or will still be) unable to meet the deadline.

In the present case, the parties state that they "purposefully have not engaged in extensive formal discovery or in motion practice before the court . . . and have been trying to exchange information and conduct informal discovery so that they can settle the case without incurring significant legal costs." Dkt. No. 8, at 1. Indeed, the parties have not filed any documents for Court consideration since January 2006. However, even though the parties state that they are nearing settlement of this matter, they also indicate that they will be seeking leave of Court to conduct depositions and file dispositive motions in the event that they do not settle the instant action. *Id.* at 2.

The parties are essentially asserting that their attempts to keep legal costs to a minimum and continue negotiations warrant a continuance in this case. *Id.* at 1–2. Although the Court recognizes the importance of minimizing legal expenses in regards to clients' interests, such assertions may not serve as a proper basis for granting the continuance requested. See *Jones*, 2005 U.S. Dist. LEXIS 17464 at *4–5. Similarly, even though the Court finds the parties' settlement efforts commendable and encourages the continuation of their negotiations, the mere possibility of settlement does not meet the standard of good cause for amending the Court's Scheduling Order. *Id.* Indeed, as discussed above, the parties themselves have acknowledged that they may not be able to reach a settlement and may have to engage in additional discovery to reach a resolution in this case. Dkt. No. 8, at 2. Thus, unlike a situation where the Court has granted an extension of time to file documents when parties have actually settled a matter, the parties' circumstances in the instant case do not present such certainty. See United States v. $16,721.00 in U.S. Currency, 2006 U.S. Dist. 82831, *2–3 (S.D. Tex. 2006) (finding that good cause existed for an extension of time to file settlement documents when the parties

had reached a settlement and acted diligently in preparation of the documents). Accordingly, the Court finds that the parties have not shown good cause for an extension of time for settlement.

Based on the foregoing, the Court **DENIES** the parties' request for an additional 60 days to complete the settlement, as contained within the Joint Status Report of the Parties. Dkt. No. 8.

DONE at Brownsville, Texas, this 3 day of January, 2007.

Hilda G. Tagle
United States District Judge